UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

K. MWASI,

    Plaintiff,

v.

WHEELER, et al.,

    Defendants.

Case No. 22-cv-01483-JD

**ORDER RE DISMISSAL**

Re: Dkt. No. 12

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend, and plaintiff filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff alleges that defendants failed to follow state law, which resulted in the denial of parole and time credits and delayed future parole hearings.  He seeks money damages.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff says that defendants violated Proposition 57 which resulted in the denial of parole, time credits and a delay in future parole hearings.  The Public Safety and Rehabilitation Act or "Proposition 57" was approved by California voters on November 8, 2016, and went into effect the next day. *People v. Dynes*, 20 Cal. App. 5th 523, 526 (2018).  Proposition 57 added Article I, section 32 to the California Constitution, providing for early parole consideration for certain California prisoners.  Section 32 states in relevant part: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense" and directs the CDCR to "adopt regulations in furtherance of these provisions."  Cal. Const., art. I, § 32.

Plaintiff cannot maintain a due process claim, or any other claim, based on the denial of parole consideration, because he has no protected property interest in parole.  There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  In addition, Proposition 57 is purely a matter of state law, and deprivation of any rights that it creates cannot be vindicated in a federal court under

Section 1983. *See* 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process). Plaintiff is not entitled to federal relief for violations of prison regulations or state law. Plaintiff was provided multiple amendments but still fails to state a claim for relief. Because further amendment would be futile, this case is dismissed without leave to amend. Plaintiff may seek relief in state court.

## CONCLUSION

1. Plaintiff's motion for an extension (Dkt. No. 12) is **GRATNED** and the Court has reviewed the second amended complaint. This action is **DISMISSED** for failure to state a claim.

2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: March 10, 2023

JAMES DONATO
United States District Judge